# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

vs.                                          3:98cr24/RV
                                              3:08cv312/RV/MD

**STERLING K. WESTBERRY**

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's filing a pleading entitled "memorandum in support of 28 U.S.C. § 2255 motion for relief or in alternative Rule 60(b)(4)(6)" which the clerk has docketed as a motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 90), as no separate motion is currently pending. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is clear that the motion is successive, that defendant was previously denied leave to file a second or successive § 2255 motion (doc. 83), and that this motion should be summarily dismissed.

Defendant was convicted after a jury trial of conspiracy to possess with intent to distribute cocaine and cocaine base and sentenced to a term of life imprisonment. In September of 1998. He did not appeal. In May of 2002, he filed a motion to vacate pursuant to 28 U.S.C. § 2255 that was denied as untimely. (Doc. 65, 66, 70). The docket reflects that on January 30, 2006 the Eleventh Circuit Court of Appeal entered

an order denying defendant's application for leave to file a second or successive motion to vacate, set aside, or correct sentence. (Doc. 83). He has not subsequently requested or received leave to file a second or successive motion to vacate. *See, In re Joshua*, 224 F. 3d 1281, 1283 (11th Cir. 2000); *Medina v. Singletary*, 960 F.Supp. 275 (M.D. Fla 1997).[1]

Defendant also claims that he is entitled pursuant to Federal Rule of Civil Procedure 60(b)(6), to set aside this court's original order denying his § 2255 motion as untimely, and requiring the court to rule on the merits. He claims that the instant motion, made six years after the entry of judgment on his § 2255, was made within a "reasonable time" because he did not receive notice from the clerk on this judgment. Defendant has not shown any error in the court's original ruling on the timeliness of his initial § 2255 motion, or a viable argument for equitable tolling, and he is not entitled to the relief he seeks. Clearly defendant knew as far back as 2006 that his motion had been denied, or he would not have filed an application with the Eleventh Circuit to file a second or successive motion. To the extent he claims his incarceration in state facilities precluded his learning about his federal remedies, defendant admits that he was released from state custody in late 2003, nearly five years before filing the instant motion.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 116) be summarily DISMISSED as successive, and defendant's alternative request for relief pursuant to Fed.R.Civ.P. 60(b) be DENIED.

---

[1]The court also notes that the defendant's motion is facially untimely. Defendant's prior § 2255 motion was dismissed as untimely, and despite defendant's arguments in support of "equitable tolling," even if this doctrine applied, it would not allow him to circumvent the ban on second or successive motions absent authorization from the appropriate appellate court.

*Case No: 3:98cr24/RV; 3:08cv312/RV/MD*

At Pensacola, Florida, this 23rd day of July, 2008.


/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).