**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

    v.                                                                         Case No. 3:98-cr-24-RV/MD

STERLING KENNETH WESTBERRY,

_____/

## ORDER

Almost twelve years ago, on July 7, 1998, the defendant was convicted by a jury of conspiracy to possess with intent to distribute cocaine and cocaine base. On September 15, 1998, he was sentenced to a term of life imprisonment. He did not appeal his conviction or sentence. Several years later, in May 2002, he filed a petition for habeas corpus relief pursuant to Title 28, United States Code, Section 2255, alleging that his due process rights were violated when counsel failed to file an appeal on his behalf. By order of June 11, 2002, that petition was dismissed as untimely and judgment was entered accordingly.

In July 2008, the defendant filed a second Section 2255 petition. In the alternative, he requested that the judgment and order dismissing his first Section 2255 petition be vacated per Rule 60(b) of the Federal Rules of Civil Procedure. The second petition was dismissed as successive, and his alternative request for Rule 60 relief was denied.

On March 12, 2010, the defendant filed a "Notice of Petition for Review" in the Eleventh Circuit. Although it is not entirely clear, it appears from this document that he is seeking to challenge the Pre-Sentence Report that was used to calculate his guideline range and to appeal the original sentence imposed. On April 22, 2010,

upon motion, I granted defendant leave to proceed in that appeal <u>in forma pauperis</u> ("IFP"). The appeal is still ongoing. The defendant subsequently filed three motions now pending in this court: (1) motion requesting free trial transcripts for his appeal (doc. 135); (2) "motion to demonstrate actual innocence of sentence" (doc. 136); and (3) second motion under Rule 60(b), in which he once again asks that I vacate the judgment and order dismissing his first Section 2255 petition (doc. 137).

Taking these three motions in reverse order, in light of the pending appeal, I am without jurisdiction over the Rule 60(b) motion to vacate, so that motion must be denied. <u>See</u> <u>Shewchun v. United States</u>, 797 F.2d 941, 942 (11th Cir. 1986) (district court generally lacks jurisdiction over case once an appeal has been filed); <u>see also</u> <u>Schempp v. School District of Abington TP., Pa.</u>, 184 F. Supp. 381, 383 (E.D. Pa. 1960) (Rule 60(b) motion to vacate denied because "when an appeal has been taken to a higher court, as prescribed by law, ordinarily the jurisdiction of the lower court is ousted by that of the higher tribunal").[1] Similarly, the defendant's "motion to demonstrate actual innocence of sentence" --- in which he seeks to challenge and modify his sentence --- must also be denied for lack of jurisdiction. <u>See</u>, <u>e.g.</u>, <u>Berman v. United States</u>, 302 U.S. 211, 214, 58 S. Ct. 164, 82 L. Ed. 204 (1937) (stating that "the District Court was without jurisdiction during the pendency of the appeal to modify its judgment by resentencing the prisoner"); <u>United States v. Russell</u>, 776 F.2d 955 (11th Cir. 1985) (district court without jurisdiction to modify sentence while sentence being appealed).

That leaves the motion for free trial transcripts. Since I previously granted the defendant IFP status, he is at least arguably entitled to the transcripts. <u>See</u> <u>Smith v. Southern Bell Telephone Co.</u>, 460 F.2d 279, 280 (5th Cir. 1972) (stating

---

[1] And even if I did have jurisdiction over the Rule 60(b) motion, <u>see</u> note 3 <u>infra</u>, it would be denied for the same reasons that I denied the defendant's first Rule 60(b) motion (docs. 91, 93).

that it was "enigmatic" and "bare of any supportive reasoning" for the district court to allow the defendant to proceed on appeal IFP, yet deny free transcripts) (binding under Bonner v. Prichard, 661 F.2d 1206 (11th Cir. 1981)); see also Hicks v. Battle, 2008 WL 150676, at *4 (M.D. Ga. Jan. 14, 2008) ("In granting Plaintiff's motion to appeal in forma pauperis, this Court has implicitly found that the present appeal is being taken in good faith. Having made that finding, this Court should not now find that Plaintiff's appeal is frivolous or insubstantial for the purposes of receiving a transcript at the Government's expense."). Upon further consideration, however, I conclude that it was error to grant the defendant IFP status in the first place.

IFP proceedings are governed by 28 U.S.C. § 1915, which provides, in part: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "[A] defendant's good faith in this type of case [is] demonstrated when he seeks appellate review of any issue not frivolous." Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." See Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). In other words, an IFP appeal is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). An application to appeal IFP may therefore be denied "if it appears --- objectively --- that the appeal cannot succeed as a matter of law." DeSantis v. United Technologies Corp., 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998), aff'd, 193 F.3d 522 (11th Cir. 1999); see also Carroll, supra, 984 F.2d at 393 (case may be deemed frivolous for IFP purposes if there is "little or no chance of success").

As previously stated, it appears from the defendant's notice of appeal that he is attempting to challenge the Pre-Sentence Report and to appeal the sentence imposed in 1998. These are issues that should have been raised in a direct appeal

*Case No. 3:98-cr-24-RV*

within ten days after the judgment. See Fed. R. App. P. 4(b)(1)(A).[2] However, the defendant is attempting to advance these arguments twelve years after-the-fact. Frivolity has been found (and IFP status denied) where a criminal defendant filed a clearly untimely direct appeal. See United States v. Ramirez, 357 Fed. Appx. 595, 596 (5th Cir. 2009) (holding that district court properly denied IFP status in direct appeal that was "without arguable merit" because the notice of appeal was filed nineteen months after his conviction). The defendant may, of course, continue to pursue his appeal (notwithstanding its apparent frivolity). However, he should not be allowed to do so IFP, and with transcripts essentially paid for by the taxpayer.[3]

**Conclusion**

As indicated above, the defendant's motion requesting trial transcripts (doc.

---

[2] The rule now provides that a direct appeal must be filed within fourteen days of the judgment, but the appeal deadline was ten days at the time relevant here.

[3] "[The Supreme Court has] held that a Court of Appeals may not overrule the permission granted by a District Court to proceed [IFP]," Cruz v. Hauck, 404 U.S. 59, 63, 92 S. Ct. 313, 30 L. Ed. 2d 217 (1971) (Douglas, J., concurring) (citing McGann v. United States, 362 U.S. 309, 80 S. Ct. 725, 4 L. Ed. 2d 734 (1960)), but I have not located any case law holding that I cannot reconsider and vacate my own decision to grant IFP status --- even though the case is on appeal. Cf. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (stating that a case may be deemed frivolous for IFP purposes "at any stage of the proceedings"). I do not believe that the case law cited earlier in the text, which stands for the proposition that district courts generally lack jurisdiction while a case is on appeal, compels a different result. The filing of an appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982). This rule, however, "does not apply to collateral matters not affecting the questions presented on appeal." Weaver v. Florida Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999). In my view, granting, denying, or withdrawing IFP status is a collateral matter that does not affect any of the issues on appeal.

*Case No. 3:98-cr-24-RV*

135); his motion to demonstrate actual innocence of sentence (doc. 136); and the Rule 60(b) motion to vacate (doc. 137) must be, and are, each DENIED.

Furthermore, my order granting the defendant IFP status (doc. 133) is hereby WITHDRAWN and VACATED, and the defendant's previously-filed motion for leave to proceed IFP on appeal (doc. 132) is hereby DENIED. The defendant shall pay the $455.00 filing fee within 28 days from the date of this order.

DONE AND ORDERED this 1st day of July, 2010.

/s/ *Roger Vinson*
ROGER VINSON
Senior United States District Judge